GEORGE C. BEYER ET AL V. AL TEMPLETON, COUNTY JUDGE.

No. A-1659. Decided June 16, 1948.
Rehearing overruled July 7, 1948.
(212 S. W., 2d Series, 134.)

*Frank Cusack,* of Dallas, for petitioners.

The Court of Civil Appeals erred in affirming the judgment of the district court; in sustaining the pleas in abatement and in dismissing petitioners suit. Cameron, County Judge, v. Baker, 13 S. W. (2d) 119; City of West University Place v. City of Bellaire, 198 S. W. (2d) 766; Town of Griffing Park v. City of Port Arthur, 36 S. W. (2d) 593.

*H. P. Kucera* and *Robert L. Lattimore,* for the City of *Dallas, Will R. Wilson,* District Attorney, *Douglas E. Bergman* and *Philip Silverberg,* Assistants District Attorneys, for Templeton, County Judge, all of Dallas, for respondents.

For authority that the Court of Civil Appeals committed no error and that its judgment should be sustained respondents cite: Lefler v. City of Dallas, 177 S. W. (2d) 231; State ex rel Burkett v. Town of Clyde, 18 S. W. 202; Binz v. City of San Antonio, 147 S. W. (2d) 551.

MR. JUSTICE SHARP delivered the opinion of the Court.

Suit was brought by George C. Beyer and others, petitioners here, for a writ of mandamus to compel the Honorable Al Templeton, as County Judge of Dallas County, to canvass the votes and announce the result of an election which had been held on January 25, 1947, and which election was to determine whether the town of Honey Springs should be incorporated under the commission form of government; and also to enjoin the City of Dallas from enforcing its ordinance No. 3973, by which it sought to annex the territory of Honey Springs. The case was submitted to the court without a jury on an agreed statement of facts applicable both to the merits and the dilatory pleas. The trial court sustained the dilatory pleas and dismissed the suit. The trial court did not pass upon the merits of the case, but in the appeal to the Court of Civil Appeals the whole case was brought up for review. A majority of the Court of Civil Appeals affirmed the judgment of the trial court. 208 S. W. (2d) 692.

The territory comprising Honey Springs is contiguous to and adjoins the territory comprising the City of Dallas. The City of Dallas is a municipal corporation, operating as a home rule city by virtue of its charter. The dispute between Honey Springs and the City of Dallas has been the basis of three or more lawsuits. An enumeration of all the material facts in regard thereto would be too lengthy, so they will be summarized.

In 1937 Honey Springs attempted to incorporate under the provisions of Article 1133 and 971 of Vernon's Annotated Civil Statutes, and thereafter operated as the City of Honey Springs. Its existence as a municipal corporation was not questioned until February 20, 1946, when an election was called by the County Judge of Dallas County to determine whether the City of Honey Springs should be abolished. The result of the election was 163 for dissolution and 72 against. But before the election result could be canvassed, the City of Honey Springs, acting through its agent, filed a suit, styled City of Honey Springs v. Al Templeton, County Judge, in the District Court of Dallas County, seeking to restrain the county judge from declaring the result of the election and declaring the corporation dissolved and the City of Honey Springs abolished. On February 25, 1946, the trial court denied the injunction and dismissed the suit; and thereafter, on February 27, 1946, the county judge entered an order declaring the result of the election and declaring the corporation dissolved and the City of Honey Springs abolished. The City of Honey Springs prosecuted an appeal to the Court of Civil Appeals, where the judgment of the trial court was affirmed, the court holding that the cause was moot, since the only injunctive relief sought by the City of Honey Springs was the prevention of the declaration of the result of the election held on February 20, 1946, and that such declaration had already been made. See City of Honey Springs v. Templeton, 194 S. W. (2d) 620, Error Refused, No Reversible Error (145 Texas 691).

On February 27, 1946, after the trial court had refused to enjoin the declaration of the result of the election dissolving the corporation and abolishing the City of Honey Springs, the City of Dallas passed its ordinance No. 3973 on its first reading, annexing the territory composing the community of Honey Springs. On March 28, 1946, a petition by 121 property owners and electors of the territory of Honey Springs was filed, requesting the City of Dallas to vote to its final passage its ordinance No. 3973.

The mayor and other officials of the City of Honey Springs continued to enforce the ordinances theretofore enacted by the City of Honey Springs, refused to recognize the legality of the election of February 20, 1946, and contended that the City of Honey Springs was a duly constituted municipal corporation under the laws of the State of Texas. In view of this situation, on May 29, 1946, the State of Texas, acting through the Honorable Dean Gauldin, Dallas County District Attorney, instituted a suit in the nature of quo warranto against said officials, questioning the corporate existence *ab initio* of the City of Honey Springs, and in the alternative contending that the City of Honey Springs had been abolished pursuant to the statutory election held February 20, 1946. The trial court rendered a judgment of ouster, and the Court of Civil Appeals affirmed the judgment of the trial court, on the ground that the City of Honey Springs had never been legally incorporated. Richardson et al v. State, 199 S. W. (2d) 239, Error Refused, N. R. E. (145 Texas 698).

The City of Dallas in the annexation of the territory of Honey Springs acted under the provisions of Section 4 and 4a of its charter, and the pertinent portions of said sections read:

"Sec. 4. Additional Territory. Any territory adjoining the present or future boundaries of said city may from time to time in any size or shape desired, be admitted and become a part thereof on application made on written consent given to the City Council by the owner or owners of the land, or, as the case may be, by a majority of the legal voters resident on the land sought to be added. * * *."

"Sec. 4(a). As an alternative method of enlarging or extending the corporate boundaries, the City Council shall have the power by ordinance to provide for the alteration and extension of said boundary limits, and the annexation of additional territory lying adjacent to the City, with or without the consent of the territory and the inhabitants annexed. Upon the introduction of any such ordinance in the City Council, it shall be published one time in the newspaper designated as the official newspaper of the City of Dallas, * * *. The proposed ordinance shall not thereafter be finally acted upon until at least thirty (30) days have elapsed after the publication thereof; and upon the final passage of any such ordinance, the boundary limits of the City shall thereafter be fixed in such ordinance, * * *."

The judgment of the trial court in the case of Richardson et al v. State, supra, was rendered on September 30, 1946; the

judgment of the Court of Civil Appeals was rendered on December 13, 1946; and the action of the Supreme Court in refusing the writ of error was taken April 23, 1947.

During the time the case of Richardson et al v. State, supra, was pending on appeal, the City of Dallas continued to act in the annexation proceedings commenced by the passage of the annexation ordinance on first reading on February 27, 1946. On September 25, 1946, the said ordinance was passed on a second reading; and on December 18, 1946, the City Council of Dallas finally passed the ordinance annexing the Honey Springs terterritory to the City of Dallas.

Prior to the final passage of the ordinance on December 18, 1946, and after the decision of the Court of Civil Appeals in the case of Richardson et al v. State, supra, on December 13, 1946, certain property owners in the Honey Springs territory on December 17, 1946, petitioned the County Judge of Dallas County for an election to incorporate a new City of Honey Springs, to be composed of a portion of the territory embodied within the boundaries of the City of Honey Springs which was attempted to be incorporated in 1937; and on the same date the Honorable Al Templeton ordered an election to determine whether the said City of Honey Springs should be incorporated. However, on December 18, 1946, he rescinded this order calling for an election to incorporate the new City of Honey Springs, on the ground that the county court had no jurisdiction to call that election, because exclusive jurisdiction in the annexing proceedings had vested in the City of Dallas. In his order of December 18, 1946, he gave his reasons for rescinding his order made on December 17, 1946, and we quote from the order of rescission the following:

"At the time the petition for the election to incorporate the area in question was offered on December 17, 1946, no proof or evidence was offered, and no hearing was had as to whether said property sought to be incorporated was already incorporated for municipal purposes, nor was there any proof that the signatures of said petition constituted 10 per cent of the qualified voters, nor was there any proof of the population of the area, * * * the court was not aware, nor was it made known to him, that the City of Dallas had already, prior to the filing of said petition, instituted and commenced annexation proceedings by ordinance, in accordance with law, to annex all of the area included within the attempted incorporation of 1937 of the Town of Honey Springs, and including all of the area sought to be

incorporated by the petition of December 17, 1946, and that the City of Dallas was, on December 17, 1946, then proceeding, and in the course of completing, said annexation. * * * That, by reason thereof, this Court was and is wholly without jurisdiction to entertain said petition of December 17, 1946, to incorporate into a separate municipality a part of the property which was already involved in the annexation proceedings of the City of Dallas. That, on December 18, 1946, the annexation proceedings by the City of Dallas were, in all things, completed in accordance with law, and all of the area described in said petition for incorporation of December 17, 1946, now is, and has been, a part of the City of Dallas, a municipal corporation, since December 18, 1946. The undersigned signed the order prepared and presented to him calling for the election, relying on the statements made in the petition and not knowing that the statement made in said petition that the area was not incorporated for municipal purposes was untrue; that, upon ascertaining the true facts, the undersigned, in his official capacity as County Judge of Dallas County, Texas, on the 17th day of December, 1946, did, within a few hours after signing the original order, enter an order setting aside and canceling the said original order and denying the petition for the election, and the proponents of said petition were so advised of the court's action and appeared in court and conferred with the court concerning such action. That, in spite of the action of this court and in spite of the knowledge that the order for election had been set aside, the election was attempted to be held. * * *."

In his order of rescission the county judge sets out in detail the reasons why he set aside the order calling for an election. It clearly appears that he signed the original order without knowledge of the true facts, and upon being apprized of the true facts he immediately revoked the order. It is not contended that he acted fraudulently or in bad faith. He was acting under Article 1136, Vernon's Annotated Civil Statutes, which in part reads: "If satisfactory proof is made that the town or village contains the requisite number of inhabitants, the county judge shall make an order for holding an election on a day therein stated and at a place designated within the town or village for the purpose of submitting the question to a vote of the people."

■ The controlling question involved here is whether the City of Dallas instituted its proceedings to annex the old town of Honey Springs prior to the time the residents undertook to incorporate part of the old town of Honey Springs as a municipal corporation. In the event a municipal corporation seeks to an-

nex adjacent territory, and the residents thereof seek to incorporate as a separate municipal corporation, the rule in this State is that whoever first commences legal proceedings asserting authority over the territory in question thereby acquires jurisdiction over same, and this jurisdiction cannot be defeated thereafter by the adverse party's subsequently attempting to exercise jurisdiction. State ex rel George v. Baker, 120 Texas 307, 40 S. W. (2d) 41; State ex rel Binz v. City of San Antonio, 147 S. W. (2d) 551, writ of error refused; City of Houston v. State ex rel City of West University Place, 142 Texas 190, 176 S. W. (2d) 928.

As stated, a number of the residents of the territory of Honey Springs as individuals undertook to have the county judge enter an election order to incoroprate a part of the old town of Honey Springs. In this matter they were not representing the original municipal corporation of Honey Springs, which had been abolished, nor the de facto goverenment of that abolished corporation; and neither were they claiming to be officers of the original corporation or the de facto government.

■ The City of Dallas undertook to annex the territory embraced in the old town of Honey Springs, and all that the City of Dallas did in this respect was authorized by its charter. See City of Houston v. State ex rel City of West University Place, supra; Allen et al v. City of Austin, Texas, et al, 116 S. W. (2d) 468, writ of error refused; Lefler v. City of Dallas, 177 S. W. (2d) 231. In the event the annexation proceedings taken by the City of Dallas were not void, but only an irregular exercise of power, then the petitioners have no standing in court. Kuhn v. City of Yoakum, 6 S. W. (2d) 91 (Tex. Com. App.). If the City of Dallas were not by its charter authorized to annex contiguous territory, then a different rule would have to be applied. See Parks v. West, 102 Texas 11, 111 S. W. 726, Rehearing denied 113 S. W. 529; Town of Griffing Park v. City of Port Arthur (Tex. Civ. App.) 36 S. W. (2d) 593. Neither does a municipal corporation have power to annex contiguous territory embraced within the territorial boundaries of another validly existing municipal corporation. See City of Houston v. State ex rel City of West University Place, 142 Texas 190, 176 S. W. (2d) 928; City of West University Place v. City of Bellaire (Tex. Civ. App.), 198 S. W. (2d) 766.

■ In the case of Richardson et al v. State, supra, the Court of Civil Appeals ousted the existing city government of the City of Honey Springs, holding that the incorporation of the City

of Honey Springs in 1937 was illegal. And in affirming the judgment of the trial court, the Court of Civil Appeals further held that the election of February 20, 1946, was void, and that on that date the town of Honey Springs was only a de facto corporation. The Court of Civil Appeals correctly held that the territory sought to be annexed by the City of Dallas had not been legally exporpriated by a de jure corporation. That court also held that the town of Honey Springs, having the status of a de facto corporation, had the power to function as such de facto corporation in protecting certain valid rights that the citizens of such city had. Parks v. West, 102 Texas 11, 111 S. W. 726, Rehearing denied 113 S. W. 529; 37 Am. Jur. ,p. 630, sec. 11; 13 Am. Jur., p. 194, sec. 47.

The petitioners in seeking to incorporate part of the old town of Honey Springs as a municipal corporation recognized that the old town of Honey Springs was no longer a municipal corporation. They also recognized the effect of the judgment in the quo warranto case of Richardson et al v. State, supra,. as rendered on September 13, 1946, and affirmed on December 13, 1946. They were charged with notice that in the meantime the City of Dallas' proceedings to annex, originally instituted on February 7, 1946, supported by the petition of the residents of Honey Springs to annex, filed March 28, 1946, were in progress. The ordinance of annexation was passed on the second reading on September 25, 1946, following the date of the ouster judgment on September 13, 1946, and on December 17, 1946, the petitioners presented their petition to the county judge to call the election. The proceedings on the part of the City of Dallas were then pending. However, petitioners assert that at the time the ordinance was passed on its second reading the quo warranto proceedings were still pending in the courts, and therefore no valid jurisdiction could attach to the actions of the City of Dallas. If such were the case, then neither the City of Dallas, by its annexation order, nor the parties seeking an election to incorporate the new City of Honey Springs have acquired any jurisdiction; for it was not until April 23, 1947, that this Court refused an application for writ of error in the Richardson et al v. State case, supra. Since that date no action has been taken, either by the City of Dallas or by those persons seeking to incorporate the new City of Honey Springs. Unquestionably the City Council of Dallas instituted annexation proceedings to annex the town of Honey Springs prior to any proceedings on the part of the residents to incorporate part of the old town of Honey Springs as a municipal corporation. There was no valid reason to prevent the City of Dallas from taking such

action. Therefore the City of Dallas acquired jurisdiction in the matter, and that jurisdiction was not defeated by the subsequent actions of the residents of Honey Springs. That being true, the county judge was without authority to defeat the jurisdiction already acquired by the City of Dallas, by ordering an election. And so far as the decision in this case is concerned, even if an election had been held, it would not have defeated the jurisdiction acquired by the City of Dallas.

■ The judgment of ouster entered by the trial court in the Richardson et al v. State case definitely determined that the town of Honey Springs was not a valid municipal corporation. That judgment did not affect the rights acquired by the City of Dallas. An appeal was taken from the judgment of the trial court, based upon an ordinary cost bond. This type of bond did not have the effect of suspending the judgment of the trial court. Rule 357 and Rule 781, Texas Rules of Civil Procedure. The judgment of the trial court was affirmed, and whatever rights were acquired in that judgment were not altered by this affirmance. 3 Tex. Jur., p. 1131, sec. 795; Yale v. Heard, 26 Texas 639; Cherry v. Speight, 28 Texas 503.

It is the contention of petitioners that the annexation proceedings by the City of Dallas were void, and that they can be collaterally attacked. Petitioners base their contention on the ground that when the City of Dallas began the annexation proceedings, an unchallenged municipal government had jurisdiction over the territory involved.

■ It should be remembered that petitioners themselves recognized that the original municipal corporation Honey Springs, and which they contend prevented the City of Dallas from annexing the territory, was no longer existent, and that the territory which the petitioners sought to incorporate is only a portion of the territory embraced within the original town of Honey Springs. Furthermore, if an existing municipal government had jurisdiction over the territory at the time petitioners sought to incorporate, their action was void. This being true, we think the petitioners as individuals cannot maintain this suit to collaterally attack the ordinance passed by the City of Dallas annexing the territory of the town of Honey Springs. Kuhn v. City of Yoakum, 6 S. W. (2d) 91 (Tex. Com. App.) ; Lefler v. City of Dallas, 177 S. W. (2d) 231; Smith v. City of Dallas, 36 S. W. (2d) 547 (writ dismissed).

The facts are undisputed, and the record clearly shows that the City of Dallas acted within its legal rights when the ordinance regarding the annexation was passed. Therefore the judgment of the Court of Civil Appeals is affirmed.

Opinion delivered June 16, 1948.

Rehearing overruled July 7, 1948.