E. E. FORBES et al., Appellants,

v

CITY OF HOUSTON et al., Appellees.

No. 13165.

Court of Civil Appeals of Texas.
Galveston.

July 11, 1957.

Rehearing Denied Aug. 12, 1957.

W. Sears McGee, Hofheinz, Sears, James & Burns, and Will Sears, Houston, and Robert L. Burns, Houston, of counsel, for appellants.

George D. Neal, City Atty., and Homer T. Bouldin, Senior Asst. City Atty., Daniel

C. Arnold, David T. Searls, and Vinson, Elkins, Weems & Searls, Houston, for appellees.

BELL, Justice.

This case involves an attack upon annexation ordinance No. 3351 passed by the City Council of the City of Houston on December 31, 1956. Under the terms of the ordinance rather extensive territory lying adjacent to the city was added to the corporate limits of Houston.

Appellants, who were the plaintiffs in the trial court, by their First Amended Original Petition, asserted two causes of action. The plaintiffs in the causes of action are different.

In the first cause of action some one hundred individual citizens of the territory annexed sued the City of Houston seeking a declaratory judgment that the ordinance was void, and seeking an injunction to prevent assessment and collection of ad valorem taxes. They sued in their individual capacities and as representatives of the other residents of the territory annexed.

In the second cause of action certain citizens of the City of Houston, as tax payers, sued the City of Houston and its controller seeking to enjoin payment of any debts or claims of any Fresh Water Supply District or Water Control and Improvement District situated within the annexed territory.

Neither the County Attorney of Harris County, nor the Attorney General of Texas, joined in either of the causes of action.

The appellees, in their answer to the appellants' first cause of action, filed special exceptions, a general denial and special answers. The special answers stated that the ordinance can only be attacked by a direct suit in the nature of a quo warranto proceeding as the complaints of appellants at most set up mere irregularities in the passage of the ordinance.

Appellees' answer to the second cause of action is substantially the same as to the first cause of action with the added special answer that under Article 1182c–1 of the Laws of Texas, 1925, Vernon's Ann.Civ.St., authority is given the city to assume the indebtedness of Fresh Water Supply Districts and Water Control and Improvement Districts.

Both appellants and appellees filed motions for summary judgment. The trial court denied appellants' motion and granted that of appellees.

Appellants contend the action of the trial court was erroneous because under the undisputed facts the ordinance was void and in this situation a private citizen may maintain the suit without joinder by the State of Texas.

The City Council annexed the territory under authority of Article I, Section 2b of the City Charter, which reads as follows:

"Sec. 2b. Extending Limits by Action of City Council—The City Council shall have power by ordinance to fix the the boundary limits of the said City of Houston and to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city with or without the consent of the territory and inhabitants annexed; that upon the introduction of such an ordinance in the Council after it has been reported upon by the Ordinance Committee and has been amended as desired by the Council for final passage it shall be published in some daily newspaper published in the City of Houston one time, and shall not thereafter be finally passed until at least 30 days has elapsed after said publication, and when said ordinance is finally passed the said territory so annexed shall be a part of the City of Houston, and the inhabitants thereof shall be entitled to all the rights and privileges of other citizens, and shall be bound by the acts, ordinances, resolutions and regulations

of the said city." (Added by amendment, 1913.)

Appellants contend that all provisions of this Article are mandatory and since the City Council did not comply with them the ordinance is void. They say the Council failed to comply with the provisions in the following respects:

1. The Ordinance Committee did not hold a meeting before or after the ordinance was introduced in the City Council

2. The Committee gave no notice of the time and place of a meeting.

3. No opportunity was given citizens to be heard on the ordinance by the Committee.

4. The Committee did not report on the ordinance after it was introduced.

5. The City Council arbitrarily denied appellants and other citizens the opportunity to be heard at any council meeting, as required by Section 3, Article III of the Charter.

6. The ordinance was not amended as desired by the Council for final passage before it was published in a newspaper, as required by Section 2b, Article I.

7. The ordinance was amended at the Council meeting of November 28, and since there had been publication of the ordinance before the amendment ·this made it a new ordinance which had been read only once and therefore the publication on November 29 of the ordinance as amended was not a compliance with the Charter.

These represent the complaints concerning alleged failure to comply with the charter provisions.

However, appellants also contend that Article I, Sec. 2b of the Charter is void as being in conflict with Article 1265, Revised Civil Statutes of Texas, Vernon's Ann.Civ. St. art. 1265, and therefore the city is without authority to annex territory without a vote of the persons in the city.

■ We will first determine the validity of Article I, Sec. 2b, of the Charter, which confers power of annexation, without· a vote of the people, upon the City of Houston.

Article I, Sec. 2b, was adopted as an amendment to the Charter in 1913. This was done pursuant to the authority conferred by Article XI, Sec. 5, Constitution of Texas, Vernon's Ann.St. This constitutional provision confers authority upon cities with a population of more than 5,000 inhabitants to adopt charters so long as a provision of the charter is not inconsistent with some provision of the Constitution, or the general laws of the State of Texas. At the time of the adoption of Sec. 2b, Article I, of the Charter, it was valid since it was not inconsistent with the Constitution of Texas or any general law. It therefore effectively conferred power upon the City Council of the City of Houston to annex territory adjacent to the city by passing an ordinance. Thereafter the Legislature of Texas passed an Act which became Article 1265 of the Revised Civil Statutes of 1925. Under this article cities with a population of between 100,000 and 150,000 could annex territory only after a vote of the people of the city. This was held to be applicable to Houston in Hunt v. Atkinson, Tex.Comm.App., 12 S.W. 2d 142. There an annexation ordinance passed without a vote of the people while Houston was within this population bracket was held void. However, the City of Houston, under the federal census of 1930, had a population far in excess of 150,000 inhabi· tants, and Article 1265 was no longer applicable to Houston. The passage of Article 1265 did not render Sec. 2b, Article I, void. It merely suspended its operation so long as Houston remained in the prescribed population bracket. The charter provision was valid when passed and while its effectiveness was suspended so long as an inconsistent general law existed; when the inconsistency was removed by Houston passing out of the class of cities covered by Art. 1265, Sec. 2b, Article I, again be-

came operative. 39 Tex.Jur., Sec. 72, p. 136; 50 Amer.Jur., Sec. 581; Texas & P. Ry. Co. v. Graham, Tex.Civ.App., 257 S.W. 642 (error dism); Texas & N. O. Ry. Co. v. Yerkes, Tex.Civ.App., 156 S. W. 579 (error ref.); Houston & T. C. R. Co. v. Bright, Tex.Civ.App., 156 S.W. 304 (error ref.); Reid v. State of Colorado, 187 U.S. 137, 23 S.Ct. 92, 47 L.Ed. 108; In re Rahrer, 140 U.S. 545, 11 S.Ct. 865, 35 L.Ed. 572; Sturges v. Crowninshield, 4 Wheat. 122, 17 U.S. 122, 4 L.Ed. 529.

Sec. 2b, Article I, of the Charter, being valid and operative, the City of Houston had power by ordinance to annex the territory described in Ordinance No. 3351.

■ The city, having power to annex the territory by ordinance, without the consent of the inhabitants of the territory annexed, the ordinance may be collaterally attacked only if the ordinance is void on its face. 30A Tex.Jur., Municipal Corporations, Sec. 99, pp. 111–113; Tod v. City of Houston, Tex.Com.App., 276 S.W. 419; Beyer v. Templeton, 147 Tex. 94, 212 S.W.2d 134; Lefler v. City of Dallas, Tex.Civ.App., 177 S.W.2d 231; Phillips v. City of Odessa, Tex. Civ.App., 287 S.W.2d 518 (error ref., n. r. e.).

In Lefler v. City of Dallas, the Court said:

"The attack here made upon appellee's ordinance is a collateral one, not being in nature of quo warranto or to which the state is a party. * * * Appellants recognize this by assuming the burden of establishing utter invalidity of the ordinance on its face; * * *. Appellants' objections to the measure in general are based upon an alleged failure to comply with the law governing annexation; and in this connection, distinction should be drawn between municipal acts unauthorized by law or color of law, and those consisting of a mere irregular exercise of power. Appellants, to maintain a collateral attack, must show an entire

want of power on the part of the City to annex * * *, and it is not sufficient to allege a mere irregular exercise thereof. * * * Appellants' contentions, therefore, that the territory is not sufficiently described by metes and bounds; nonjoinder of the area to the City; and that complainants were not afforded a hearing before the Council, are obvious attacks on the *regularity* of the annexation proceedings * * *." [Tex.Civ.App., 177 S.W.2d 233.]

The fact that appellants ask for a declaratory judgment does not change the character of the attack. The Declaratory Judgment Act does not enlarge or create new jurisdiction for the courts. Phillips v. City of Odessa, supra.

■ This suit being a collateral attack, it is necessary that appellants show the ordinance to be void upon its face The allegations in appellants' First Amended Original Petition setting up the absence of notice of hearings before the Ordinance Committee and City Council, the denial of a right to be heard, the amendment of the ordinance, failure of the Ordinance Committee to hold a meeting and report after the ordinance was introduced, and the failure to hear appellants, are matters that may be asserted only in a direct attack by the State, or its representatives, in a proceeding in the nature of quo warranto.

■ Appellants contend the caption to the ordinance is insufficient. The caption reads as follows:

Ordinance No. 3351

"An Ordinance Extending the City Limits of the City of Houston to Include All Lands and Area Within Certain Limits and Boundaries With Certain Exceptions, and Annexing to the City of Houston All of the Area Within Said Limits and Boundaries With Certain Exceptions; Further Extending the City Limits of the City of Houston By Adding Certain Other Addition-

al Territory Thereto, To-Wit: the Area or Areas Comprising (A) the City's San Jacinto Reservoir (Known as Lake Houston), (B) the City's San Jacinto River Dam and Appurtenant Lands; and (C) the City's New West Water Canal and the Right-of-Way Therefor; Providing That Such Ordinance Shall Not Affect the Jurisdiction of the City of Houston Over Certain Territory Which Was Acquired by Virtue of an Ordinance Passed April 18, 1913; Providing a Saving Clause; and Providing That the Inhabitants of the Territory Hereby Annexed Shall be Entitled to the Rights and Privileges of Other Citizens of the City of Houston and Shall be Bound by the Acts, Ordinances, Etc., of Said City."

The assertion is that the caption does not clearly express the subject of the ordinance as required by the City Charter, Sec. 3, Article VII, but to the contrary conceals the subject by expressly mentioning a specific description of only a small portion of the lands annexed. Too, they say more than one subject is expressed in the caption.

The caption first states that this is an ordinance "extending the City limits * * to include all lands and area within certain limits * * * annexing to the City of Houston all of the area within said limits and boundaries with certain exceptions; * * *."

The first part of the caption gives notice that the subject matter of the ordinance is annexation of territory and the territory is such as is described.

The caption continues: "* * * further extending the City limits * * * by adding certain other additional territory * * *."

The use of the terms "further" and "other additional" gives notice that in addition to the lands covered in the first part of the caption the ordinance will also cover the area around Lake Houston.

We find no concealment in the language used.

█ We think the caption relates to only one subject, that is, the annexing of additional lands to the City of Houston. The caption is sufficient if there is one general object and all of the subjects are germane to such object and reasonably appropriate to effect the general object of the ordinance. Magnolia Petroleum Co. v. Beck, Tex.Civ. App., 41 S.W.2d 488, error dism.; City of Beaumont v. Gulf States Utilities Co., Tex. Civ.App., 163 S.W.2d 426, error refused, w. o. m.

Appellants next assert that the description of the area annexed is insufficient. The basis of this contention seems to be that the ordinance as introduced on October 31, 1956, described extensive territory to be annexed and then excepted such "City, Town or Village other than the City of Houston" as was within the described area. They say this has the effect of excluding such other city, town or village which existed in the area at the introduction date of the ordinance and no one could know what cities, towns or villages might be incorporated before final passage of the ordinance.

█ Appellants make no contention that there was any effort by any group within the area to incorporate between the date the ordinance was introduced and the date of final passage. Even had such occurred, however, the efforts would have been ineffective because the law is settled that in an annexation proceeding the city exercises jurisdiction over the described area on the first reading of the ordinance and any attempt by persons living within the area to incorporate between the first reading and final passage of the ordinance is ineffectual. Beyer v. Templeton, 147 Tex. 94, 212 S.W. 2d 134; State ex rel. Winn v. City of San Antonio, Tex.Civ.App., 259 S.W.2d 248, error ref., n. r. e

█ It follows that when the ordinance was introduced it could be ascertained

what, if any, cities, towns or villages were then within the area, and what their corporate limits were and only those cities, towns and villages were, or need be, excepted.

■ Appellants further contend that the City Council lacked power to annex the territory by ordinance because in 1949 an ordinance extending the limits of the City of Houston was passed by a vote of the people. Article VIIb, Sec. 9, of the Charter, provides that an ordinance adopted by a vote of the people may be amended by council only in response to a referendum petition or a vote of the people.

Ordinance 3351 is not and does not purport to be an amending ordinance. It leaves unaffected the territory covered by the 1949 ordinance. The 1949 ordinance remains fully effective. Ordinance 3351 covers an entirely distinct area.

■ Appellants, who were plaintiffs in the second cause of action, asserted in Plaintiffs' First Amended Original Petition, are tax payers of the City of Houston, and their claim in this cause of action is that they are authorized by Section 1 of Article IX of the Charter to maintain the suit to enjoin the payment of the debts and claims of any Water Control or Improvement District or any Fresh Water Supply District because such debts and claims are illegal since the annexation ordinance is void for the reasons hereinbefore discussed.

This is also but a collateral attack on the annexation ordinance which, as hereinbefore stated, can be maintained only in a suit brought by the State or its duly authorized representatives, and the ordinance is not subject to the other complaints urged by appellants, as we have held.

Further, however, appellants contend that even if the annexation ordinance is valid, or cannot be collaterally attacked and therefore, the territory is a part of the City of Houston, they may maintain this attack under Sec. 1, Article IX of the Charter

because the city cannot legally pay the debts or claims of such districts.

The pertinent parts of said charter provision read as follows: "Any citizen who is a property taxpayer of the City of Houston may maintain an action in the proper court to restrain the execution of any illegal, unauthorized or fraudulent contract or agreement * * *, and to restrain any disbursing officer of said city from paying any illegal, unauthorized or fraudulent bills, claims or demands against said city, * * *." They say the debts and claims of these districts are illegal because there is no authority in the city to assume them since Article 1182c–1, Vernon's Revised Civil Statutes of Texas, under which the city purports to act is invalid. The claim of invalidity is based on the following:

1. It conflicts with Article 7880–147z1, Vernon's Annotated Civil Statutes, which article is later in point of time and, therefore, controls and the latter requires a vote of the people.

2. It is a special law within the meaning of Article III, Sec. 56 of the Constitution.

3. It violates Sec. 35, Article III of the Constitution in that its title is misleading.

4. It is unconstitutional because it requires no vote of taxpaying property owners, as required by Article VI, Sections 3 and 3a, and Article XVI, Section 59, of the Constitution.

In their first amended original petition appellants made no contention that Article 1182c–1 was invalid as being repealed by Article 7880–147z1, V.A.C.S., or that the article was invalid because of a misleading title. We will therefore, take no further notice of these two complaints.

■ Article 1182c–1 is not invalid as violative of Article III, Section 56 of the Constitution, which prohibits the passage of a special law by the legislature.

The basis of the contention that this is a special law is that the title to the original

act was too restrictive and the classification bore no reasonable relation to the object of the legislation. It is unnecessary for us to pass on this question because the 51st Legislature amended Sections 1 and 2 of the Act. Acts 51st Legislature 1949, Chapter 206, p. 387. Appellants do not attack the title to the amendatory act. They merely say since only Sections 1 and 2 were amended, this could not revive the whole act which was unconstitutional.

 In Texas the legislature may amend an unconstitutional act and make it valid. Ex parte Hensley, Tex.Cr.App., 285 S.W.2d 720; English and Scottish-American Mortgage and Investment Company, Limited v. Hardy, 93 Texas 289, 55 S.W. 169.

Sections 1 and 2 which were amended, without more, require the city to assume all debts and liabilities of the districts and abolish the districts. The city, therefore, is but paying an obligation fixed on it by the legislature. Article IX, Sec. 1, of the Charter authorizing suits by taxpayers to enjoin payment of illegal, fraudulent or unauthorized claims, applies only to such as are created by the city in carrying out its municipal functions and not to obligations imposed by statute. Wheeler v. City of Brownsville, 148 Tex. 61, 220 S.W.2d 457.

Article 1182c–1 does not violate Sections 3 and 3a of Article VI of the Constitution. These sections do not require a vote by the people on the question of assuming an indebtedness. They merely prescribe the qualifications of voters, where the matter of assuming or creating indebtedness is submitted to the people.

The article does not violate Section 59, Article XVI, or Section 52, Article III, of the Constitution. Dallas County Water Control and Improvement District No. 3 v. City of Dallas, 149 Tex. 362, 233 S.W.2d 291. Wheeler v. City of Brownsville, supra.

Appellants urge that in any event ordinance No. 3351 was not effective until it was published as an adopted ordinance on January 4, 1957. Article IX, Section 17b of the Charter provides for the publication of the title or caption of an ordinance within ten days after passage and approval. The same section provides an ordinance "shall take effect and be in full force and effect from and after its passage and approval * * * provided all such * * * ordinances shall be subject to the provisions * * * for referendum." Article VIIb, Section 3, provides for a referendum petition to suspend an ordinance if such be filed before such ordinance shall take effect or within thirty days after publication. No contention is made that the ordinance was in fact thus suspended. Under the facts and the Charter provisions the ordinance became effective December 31, 1956.

The judgment of the trial court is affirmed.

WOODRUFF, J., not sitting.