· The STATE of Texas ex rel. CITY OF
EVERMAN, Texas, Appellants,

v.

CITY OF FORT WORTH, Texas, Appellee.

No. 16415.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 14, 1962.

Rehearing Denied Jan. 11, 1963.

Doug Crouch, Criminal Dist. Atty., Tarrant County, Fort Worth, for appellant State of Texas.

Christopher & Bailey and T. S. Christopher, Fort Worth, for relator-appellant.

S. G. Johndroe, Jr., City Atty., and Albert White, Asst. City Atty., Fort Worth, for appellee.

BOYD, Justice.

This is a proceeding in quo warranto wherein the State of Texas ex rel. City of Everman seeks to set aside an annexation ordinance, which was Ordinance No. 4560, passed on first reading only by the city council of the City of Fort Worth, on the ground that Everman had first acquired jurisdiction of substantial portions of the area described in Fort Worth's ordinance and sought to be annexed to the City of Fort Worth. Both parties filed motions for summary judgment, and that of the City of Fort Worth was sustained; hence this appeal.

The first legal proceeding involving an attempt to annex the subject territory was the passage on first reading by the City council of the City of Fort Worth of Ordinance No. 3821 on May 16, 1958.

On January 22, 1960, Fort Worth adopted Ordinance No. 4236, which described an area embracing that included in Ordinance

No. 3821 and extending beyond the boundaries fixed by that ordinance.

On May 20, 1960, Fort Worth enacted Ordinance No. 4292, which followed the boundaries fixed by Ordinance No. 4236 with the exception of a very small portion, which was left out of the description in No. 4292. Section 2 of No. 4292 reads as follows:

"That this ordinance shall and does hereby repeal every prior ordinance in conflict herewith and more particularly this ordinance expressly repeals Ordinance No. 4236 heretofore adopted and passed on January 23, 1960, but as to all other ordinances or sections of ordinances not in direct conflict herewith this ordinance shall be and is hereby, made cumulative."

Beginning December 19, 1960, and ending on February 27, 1961, the City of Everman passed five annexation ordinances, each of which undertook to annex areas within those described in Fort Worth's Ordinances Nos. 3821, 4236, and 4292.

On June 30, 1961, Fort Worth enacted Ordinance No. 4488, which included the same area as No. 4292 with the exception of 3 small parcels of land. Section 2 of this ordinance reads as follows:

"That this ordinance shall and does hereby repeal every prior ordinance in conflict herewith and more particularly this ordinance expressly repeals Ordinance No. 4292 heretofore adopted and passed on May 20, 1960, but as to all other ordinances or sections of ordinances not in direct conflict herewith this ordinance shall be and is hereby, made cumulative."

On December 1, 1961, Fort Worth passed Ordinance No. 4560, which followed the same basic metes and bounds and calls as contained in Ordinance No. 4488, with the exception of one small parcel of land. Section 2 of this Ordinance reads as follows:

"That this ordinance shall and does hereby repeal every prior ordinance in conflict herewith and more particularly this ordi-

nance expressly repeals Ordinance No. 4488 heretofore adopted and passed on June 30, 1961, but as to all other ordinances or sections of ordinances not in direct conflict herewith this ordinance shall be and is hereby, made cumulative."

The rule is that the municipality first commencing legal proceedings asserting authority over the territory in question acquires jurisdiction over the same, and this jurisdiction cannot be defeated thereafter by the adverse party's subsequent attempt to exercise jurisdiction. State ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41; Beyer v. Templeton, 147 Tex. 94, 212 S.W.2d 134; State ex rel. Binz v. City of San Antonio, Tex.Civ.App., 147 S.W.2d 551, error refused; City of Houston v. State of Texas ex rel. City of West University Place, 142 Tex. 190, 176 S.W.2d 928.

Fort Worth first acquired jurisdiction. If she did not lose it by repeals of ordinances, the judgment must be affirmed. Everman contends that Fort Worth lost its jurisdiction over the area by repealing the relevant ordinances.

Fort Worth Ordinance No. 4292, enacted on May 20, 1960, was in force when Everman passed all its annexing ordinances. Ordinance No. 4488, passed on June 30, 1961, purportedly expressly repealed Ordinance No. 4292, which had been adopted on May 20, 1960. Until June 30, 1961, Everman's annexing ordinances were ineffective. It is Everman's position that when Ordinance No. 4292 was repealed by Ordinance No. 4488, jurisdiction over the territory passed immediately over to Everman. It relies, too, on its contention that Ordinance No. 4488 was expressly repealed by Ordinance No. 4560, adopted on December 1, 1961. Therefore it reasons that Ordinance 4560 is the only Fort Worth ordinance that has not been repealed, and is void because jurisdiction had effectually passed to Everman and has never been relinquished.

So far as we have seen, this exact fact situation has not been before the courts of

**502**

this state. Authority is abundant, however, to the effect that an annexation ordinance covering territory already under the jurisdiction of another municipality is ineffective, invalid, and void. Beyer v. Templeton, 147 Tex. 94, 212 S.W.2d 134; Couch v. City of Fort Worth, Tex.Civ.App., 287 S.W.2d 255; State of Texas ex rel. American Manufacturing Co. of Texas v. City of Fort Worth, Tex.Civ.App., 314 S.W.2d 335; City of Goose Creek v. City of Pelly, Tex.Civ.App., 197 S.W.2d 152.

We do not believe that Fort Worth excluded the subject territory by its ordinances which cut down on the area over which it first acquired jurisdiction, or that there has been any break in the continuity of its jurisdiction. Besides, if Everman's annexation ordinances were void on the dates they were enacted, the release of the territory by Forth Worth, had that happened, would not operate to revive such ordinances.

Everman contends that its ordinances were validated by House Bill No. 482, Ch. 275, page 583, 57th Leg., effective May 29, 1961, now Art. 966h, Vernon's Ann. Tex.Civ.St. That statute seems not to apply here, even if a void act could be validated, because the statute provides that "All governmental proceedings and acts performed by the governing bodies of such cities and towns and all officers thereof since their incorporation, or attempted incorporation, are hereby in all respects validated as of the respective date of such proceedings and acts." In Bigfoot Ind. School Dist. v. Genard, Tex.Civ.App., 116 S.W.2d 804, it was said: "It is conceded, and is obvious, that the Legislature has no power to validate an act which it did not have the power to authorize in the first instance; it cannot ratify an act it cannot authorize." In re American Rio Grande Land & Irr. Co., D.C., 21 F.Supp. 492, we find the following: "Validate is a derivative of valid, and means to make valid; to confirm. * * * These definitions presuppose antecedent facts which, in themselves,

though attempting validity, had been insufficient to accomplish it. They cannot and do not mean that out of a clear sky, without supporting evidence, the Legislature may validate something that in fact never existed."

The judgment is affirmed.