**RED BIRD VILLAGE, Appellant,**

v.

**STATE of Texas ex rel. CITY OF DUNCANVILLE, Appellee.**

No. 16426.

Court of Civil Appeals of Texas.

Dallas.

Nov. 20, 1964.

Rehearing Denied Jan. 8, 1965.

David C. McCord, Dallas, for appellant.

Saner, Jack, Sallinger & Nichols, Lawrence W. Jackson and Tim Kirk, Dallas, for appellee.

DIXON, Chief Justice.

This is a quo warranto proceeding instituted by the State of Texas attacking the validity of the incorporation as a municipality of Red Bird Village in Dallas County, Texas.

After a trial before the court without the aid of a jury judgment was rendered declaring (1) the election purporting to incorporate Red Bird Village to be null and void, (2) the persons purporting to act as officials are not authorized to act for said village, (3) two annexation ordinances passed by the City of Duncanville, Relator in the proceedings, are legal and valid annexation ordinances; and (4) the territory in question constitutes a part of the City of Duncanville for all purposes.

The events leading up to this litigation chronologically arranged are as follows:

April 28, 1958. City of Dallas passed first reading of ordinance annexing certain territory including that in controversy.

September 8, 1959. Dallas released part of area described in first reading of April 28, 1958, but not the territory in controversy.

May 16, 1960. Dallas released another part of territory under first reading, but not the territory in controversy.

October 24, 1961. In its pleading Respondent alleges that a valid Petition for Incorporation was filed with the County Judge of Dallas County and that said petition was entered on the minutes of the Commissioners' Court August 24, 1963. In its brief Respondent alleges that this petition was *presented* to the County Judge on October 24, 1961. A copy of the petition was introduced into evidence. It is dated August 24, 1963.

August 19, 1963. City of Dallas Ordinance No. 9925 recites that area in controversy is still under first reading to the City of Dallas.

August 22, 1963. Effective date of Municipal Annexation Act, Art. 970a, Vernon's Ann.Civ.St., passed by Legislature in 1963.

August 24, 1963.

(1) Respondent's Petition for Incorporation filed. (See above under date October 24, 1961.)

(2) County Judge ordered election to incorporate.

November 11, 1963. *City of Dallas* passes *resolution* purporting to release area in question from first reading.

November 20, 1963. Area in question released by operation of law (Municipal Annexation Act of 1963) from first reading jurisdiction of City of Dallas.

November 26, 1963.

(1) Agreement between Dallas and Relator Duncanville apportioning area in question to Duncanville.

(2) Ordinance of Relator passed accepting above apportionment.

(3) Resolution of City approving apportionment agreement.

(4) Relator City of Duncanville passes first reading of ordinance annexing part of territory in dispute.

December 21, 1963. Respondent Red Bird Village holds election to incorporate.

December 30, 1963. Relator Duncanville passes second and final reading of ordinance annexing part of area.

January 3, 1964. Relator Duncanville passes first reading of ordinance adopting remaining part of area.

January 9, 1964.

(1) Results of election canvassed by County Judge; Red Bird Village declared incorporated.

(2) Election of officers ordered.

February 3, 1964. Relator Duncanville passed second and final reading of ordinance annexing remaining part of territory.

## OPINION

Respondent Red Bird Village asserts that the trial court erred (1) in holding that the election to incorporate was null and void—Respondent having complied with all statutory requirements; (2) in holding that the officials of Respondent were not authorized to act—all statutory requirements having been complied with, and the results of the election certified by the County Judge, which certification is conclusive and not reversible in the absence of fraud and bad faith; and (3) in holding that Relator Duncanville's annexation ordinances were valid.

We have concluded that the judgment of the trial court should be affirmed.

■ Prior to the enactment in 1963 of the Municipal Annexation Act the City of Dallas pursuant to the statutes then in effect had on April 28, 1958 taken the first step toward annexing the territory here involved. This was prior to any action taken by Respondent towards incorporation and gave the City of Dallas priority in its annexation proceedings. Beyer v. Templeton, 147 Tex. 94, 212 S.W.2d 134, 138; State ex rel. City of Fort Worth v. Town of Lakeside, Tex.Civ.App., 328 S.W.2d 245; State ex rel. City of Everman v. City of Fort Worth, Tex.Civ.App., 363 S.W.2d 500; 39 Tex.Jur.2d 419. The intention of Dallas to annex was reiterated on August 19, 1963.

■ Respondent in its brief relies on what it calls an "ordinance" of November 11, 1963 whereby the City of Dallas undertook to release the area from first reading. A copy of the instrument in question is in the record. It is not an ordinance. It is only a resolution. As such it is ineffective to release the area from the first reading of the ordinance of the City of Dallas of April 28, 1958, for an ordinance may be repealed only by another ordinance, not by resolution or order, or motion. City of Panhandle v. Bickle, Tex.Civ.App., 31 S.W.2d 843, 846 and authorities there cited.

The annexation priority of the City of Dallas was still in existence on August 22, 1963 when the Municipal Annexation Act went into effect and its annexation proceedings were pending on March 15, 1963. These dates are important because Sec. 7,

Part D of the Municipal Annexation Act, Art. 970a, V.A.C.S., expressly provides as follows: "All annexation proceedings by cities which are pending on or instituted after March 15, 1963, * * * shall be brought to completion within ninety (90) days after the effective date of this Act or be null and void."

The City of Dallas did not bring its earlier proceedings to completion within the ninety days as above provided, so the effectiveness of the said earlier first reading ordinances by the City of Dallas expired by operation of law on November 20, 1963.

Upon the expiration of the effectiveness of said first reading ordinances, the territory in controversy became a part of the "extraterritorial jurisdiction" of the City of Dallas and Relator Duncanville. Sec. 3, Part A, Art. 970a, V.A.C.S.

The apportionment agreement of November 26, 1963 was in accordance with Sec. 3, Part B of Art. 970a. Therefore, Relator Duncanville was within its rights in proceeding with its annexation proceedings of December 30, 1963, January 3, 1964, January 9, 1964, and culminating in the final passage of the annexation ordinance of February 3, 1964.

■ On the other hand, Respondent Red Bird Village was not within its rights in its efforts to incorporate. If, as Respondent contends, its Petition to Incorporate was presented to the County Judge on October 24, 1961 (the record shows that the petition was dated August 24, 1963 and was filed the same day), it would not avail Respondent, for the City of Dallas had already started its annexation proceedings on April 28, 1958. This is true also in regard to Respondent's petition filed November 22, 1963.

On August 24, 1963 when Respondent filed its Petition to Incorporate the Munic-

ipal Annexation Act, Art. 970a, had already gone into effect and along with it the "extraterritorial jurisdiction" provision of Sec. 3, Part A, of the Act.

When Respondent filed its Petition for Annexation on August 22, 1963 the prior rights of the City of Dallas had not expired. When those rights did expire on November 20, 1963, the "extraterritorial jurisdiction" provision of the Act went into effect with respect to the area in question.

Sec. 8, Part A, Art. 970a provides: "No city may be incorporated within the area of the extraterritorial jurisdiction of any city without the written consent of the governing body of such city."

■ In support of its third point, that the certification of election by the County Judge is conclusive, Respondent cites State ex rel. City of Fort Worth v. Town of Lakeside, supra; State ex rel. Wilke v. Stein, Tex.Com.App., 36 S.W.2d 698; State ex rel. Stevens v. Black, Tex.Civ.App., 14 S.W.2d 72; First Nat'l Bank in Columbus v. City of North Pleasanton, Tex.Civ.App., 257 S.W. 609; and State v. Goodwin, 69 Tex. 55, 5 S.W. 678.

The above cited authorities are not applicable here. All of them either assume the existence of jurisdiction of the County Judge, or that the statutes have been substantially complied with. None of them holds that where the undisputed facts disclose that an attempted incorporation violates pertinent statutes the certification of the County Judge is conclusive.

Respondent's three points on appeal are overruled.

The judgment of the trial court is affirmed.

Affirmed.