The STATE of Texas, ex rel. SPRING HILL UTILITY DISTRICT, Appellant,

v.

The CITY OF LONGVIEW, Texas, Appellee.

No. 1479.

Court of Appeals of Texas, Tyler.

Oct. 28, 1982.

Rehearing Denied Nov. 24, 1982.

Rob Foster, Dist. Atty., Kenley, Boyland, Coghlan & Griffin, Longview, Leonard, Koeh, Rose, Webb & Hurts, Dallas, for appellant.

Earl Roberts, Jr., Roberts, Harbour, Smith, Harris, French & Ritter, Longview, Bill Olson, Jr., Olson & Olson, Houston, for appellee.

RAMEY, Justice.

This is a quo warranto action brought by the State of Texas on the relation of the Spring Hill Utility District, Ronald C. Gabriel and Michael C. Duckett ("Spring Hill"), contesting the validity of certain annexation proceedings of the city of Longview, Texas ("Longview") a home rule city. The trial court entered judgment declaring annexation Ordinance 1309, which comprised the main body of the water district, valid and the land described therein properly annexed by Longview.

In January 1980 a sufficient number of voting residents of the water district, most of which lay within the extraterritorial jurisdiction of Longview, petitioned the city separately for incorporation and annexation pursuant to the Texas Municipal Annexation Act. Tex.Rev.Civ.Stat.Ann. art. 970a, § 8 (Vernon 1963). The request for annexation was a prerequisite to the water district's incorporation without Longview's consent, should Longview not annex the district within six months of the date of receipt of the petition. After, in effect, denying the petition for incorporation, Longview passed a series of ordinances for the purpose of annexing the territory which encompassed the district. Prior to the expiration of the six month period appellant filed this action contending that the relevant ordinances were void, and the annexation of no effect, thereby allowing Spring Hill to incorporate under art. 970a, § 8. A chronological summary of the pertinent events are as follows:

April 12, 1979 Thomas land added to the district.

January 4, 1980 Spring Hill files petitions for incorporation and annexation.

March 21, 1980 Harris land added to the district.

April 8, 1980 Longview sets hearing date for annexation of lands (subsequently annexed in Ordinance Nos. 1309, 1310, 1311 and 1312).

April 23, 1980 Longview holds public hearing on annexation of lands (subsequently annexed in Ordinance Nos. 1309, 1310, 1311 and 1312) and sets

hearing date for annexation of lands (subsequently annexed in Ordinance No. 1321).

May 8, 1980 Longview passes Ordinance Nos. 1309, 1310, 1311 and 1312.

May 13, 1980 Spring Hill files this suit. Also Court Order entered restraining and enjoining Longview from enforcing Ordinance Nos. 1309, 1310, 1311 and 1312.

May 22, 1980 Longview holds public hearing on annexation of lands (subsequently annexed in Ordinance No. 1321).

June 3, 1980 Longview passes Ordinance No. 1321 and sets hearing date for annexation of lands (subsequently annexed in Ordinance No. 1328).

June 16, 1980 Longview holds public hearing on annexation of lands (subsequently annexed in Ordinance No. 1328).

June 27, 1980 Longview passes Ordinance No. 1328.

The following illustration of the areas annexed by Longview is helpful to an understanding of the facts.

(NOT DRAWN TO SCALE)

Appellant's case rests on its assertion that Longview failed to annex all of the District, as required by Tex.Rev.Civ.Stat. Ann. art. 970a, § 11 B (Vernon Supp.1981), the Municipal Annexation Act, rendering the annexation void. Its first two points of error contend that Ordinance Number 1309 is void because it failed to annex two non-contiguous tracts belonging to the District. In its extensive findings of fact and conclusions of law the trial court found that there was no ratifying election by Spring Hill adding the Thomas and Harris tracts to the water district, and that because there was no such election as required by Tex. Water Code Ann. § 51.722 (Vernon 1972), said tracts were not validly added to the District.

Appellant contends that the Water Code codified two separate procedures by which a water control and improvement district may expand. §§ 51.714–.717; §§ 51.718–.724. These will be referred to as the "first procedure" and "second procedure." The first procedure was enacted by the legislature in 1925 as Tex.Rev.Civ.Stat. Ann. art. 7880–75, the predecessor of §§ 51.714–.717. The second procedure was adopted by the legislature in 1929 as Tex. Rev.Civ.Stat.Ann. art. 7880–75b, predecessor to §§ 51.718–.724. The trial court found that Spring Hill satisfied the statutory requirements of §§ 51.714–.717, but failed to validly add the two noncontiguous tracts in the absence of the elections prescribed by § 51.722. We are compelled to disagree.

The applicability of the ratifying election provision to this type of addition to a water control and improvement district is an unresolved question in this state. The fundamental rule controlling the construction of statutory enactments is to ascertain the intention of the legislature. *City of Mason v. West Texas Utility Co.*, 150 Tex. 18, 237 S.W.2d 273, 278 (1951). Sections 51.-714–.717, as it may be compared to 51.718–51.724, reveals that the legislature provided two *independent* procedures for the addition of land to a water district. Each series of sections describe an integrated procedure, each separately calling for the filing of a petition, consideration of the petition and the requisite recording of the granted petition. That the 1929 legislature added a second procedure is inescapably confirmed by the specific language of § 4 of art. 7880–75b, Tex.Rev.Civ.Stat.Ann.:

This act shall not repeal any law, general or special, but the powers, terms and provisions hereof shall exist as *alternative* powers, terms and provisions of all other laws in anywise relating to the same subject matter, and, *specifically, this action shall not repeal any other provisions of Chapter 25 of the acts of the*

*39th Legislature* or Chapter 107 of the acts of the 40th Legislature, first called session or Chapter 280 of the acts of the 41st Legislature, regular session relating to water control improvement district, *but shall be cumulative thereof.* (Emphasis added.)

The first procedure was enacted in said Chapter 25 of the acts of the 39th Legislature. Thus, the 1929 legislature expressly confirms that the two procedures are separate; the second procedure was alternative to the first and "cumulative thereof."

Second, the statute which requires ratifying elections, § 51.722, is arranged as a part of the series of provisions that constitute the second procedure. § 51.722 contains no language that suggests any applicability to the first procedure; no part of the first procedure was repealed by the 1929 Legislature and no language was added to the predecessor of §§ 51.714–.717 necessitating an election. The statutory language of § 51.722 is compatible with the other provisions of the second procedure only: the property proposed to be added is referred to as "territory" which is the terminology found throughout the second procedure statute, but not the first. Likewise, § 51.-722 calls for a separate election to be held in the territory proposed to be added; such an election would be inappropriate for additions under the first procedure which is limited to the petition of a single landowner.

Furthermore, the legislature in 1981 by its amendatory act specifically validated the addition of the two tracts by the District:

The addition of land to the district by landowners' petition is final at the time the board grants the petition, and no other procedure, election or action is required. Tex. Water Code Ann. § 51.717 (Vernon Supp.1981).

The legislature's expressed intent was that this validation amendment be effective retrospectively.[1]

---

1. Section 3(b) of the 1981 amendatory act provides:

The proceedings for addition of land by each water control and improvement district covered by this section are validated in all respects

■ In its supplemental brief, appellee cites Tex. Water Code Ann. § 51.012 (Vernon 1972) as additional authority that an election was required, because the Thomas and Harris tracts were noncontiguous and were located in an adjoining county. Again we cannot agree. Section 51.012 pertains to the original creation of a water district, not the subsequent additions thereto. The intention of the legislature must be ascertained from the entire act, not isolated provisions thereof. *Davidson v. Upton County Water District,* 624 S.W.2d 927, 931 (Tex.App.—El Paso 1981, writ ref'd n.r.e.). *See also, City of West Lake Hills v. Westwood Legal Defense Fund,* 598 S.W.2d 681, 684 (Tex.Civ.App.—Waco 1980, no writ). There is no indication that § 51.012 was intended by the legislature to be related to any provision pertaining to *subsequent* land additions to a district. In any event, the aforementioned 1981 amendatory act to § 51.717 inescapably reveals that a district may validly add land by adhering to the §§ 51.714–.717 procedure.

■ Appellee also contends that the two tracts of land added by the District were as a matter of law not a part of the District because their addition served no valid purpose and constituted a sham. On the other hand the trial court specifically found that the additions of these two tracts "were of benefit to the District, had a valid purpose and did not constitute a sham."

Appellee apparently undertakes to attack these findings as a "no evidence" counterpoint, inasmuch as the point alleges the existence of the sham "as a matter of law." In reviewing the "no evidence" point the court must reject all evidence contrary to the finding and consider only the facts and circumstances that tend to support it.

In our view there was probative evidence to support the trial court's findings. A stated purpose in obtaining the tracts was to drill additional water wells to supply the District. Although water might have been taken from a well outside the District, it was appropriate that the well be situated therein. The proposed well's location near the existing pumping station, yet outside of the East Texas oil field, and the relative low cost of the water as compared with that furnished by Longview, assure economic benefits therefrom. Due to the poor quality of the water from Spring Hill's only remaining water well, which was located at the edge of the East Texas Oil Field, appellant demonstrated that there were also health reasons for the location of water wells on these tracts. We do not believe that the trial court's finding that there was a valid purpose for the acquisition of the tracts should be disturbed.

Furthermore, courts are not generally concerned with the motives or purposes of a governmental entity in undertaking to annex land. These are legislative prerogatives. *City of Wichita Falls v. State ex rel. Vogtsberger,* 533 S.W.2d 927, 929 (Tex. 1976); *City of Houston v. State ex rel. City of West University Place,* 142 Tex. 190, 176 S.W.2d 928, 931 (1943). These cases pertain to municipalities rather than water control and improvement districts. The same principle should apply as appellee argues. See *Lewis Cox & Son, Inc. v. High Plains Underground Conservation Dist. No. 1,* 538 S.W.2d 659 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.).

Therefore, we find that since validating elections are unnecessary, the Thomas and Harris tracts were validly added to the utility district. In passing it is noted that Longview appears to acknowledge the necessity of annexing these tracts by its elaborate attempts to do so.

---

*as of the date on which the proceedings occurred. The proceedings may not be held invalid because any proceeding relating to the addition of land was not in accordance with law.* (Emphasis added.)
Section 3(c) provides:
  Without limiting Subsection (b) of this section, it is expressly provided that an attempted addition of land by a water control and im-

provement district covered by this section *that occurred before the effective date of this section may not be held invalid because it did not comply with the procedures for addition of land by petition of the landowner to the district under sections 51.714–51.717, Water Code, or because an election under section 51.722, Water Code, was not held.* (Emphasis added.)

Appellant next alleges that Longview Ordinance No. 1309, which undertook to annex the main body of the water district, was void because it failed to annex all of Spring Hill. Longview, on the other hand, contends that it validly annexed all of the territory of the water district by two separate annexation procedures: after notice and hearing on May 8, 1980, the Longview City Council passed four ordinances (Numbers 1309, 1310, 1311, 1312); second, after separate notices and hearings Ordinances 1321 and 1328 were subsequently passed. We agree with appellant that Spring Hill was never validly annexed by Longview.

Subsection 11 B of the Municipal Annexation Act provides:

A city may not annex territory within the boundaries of the water or sewer district unless it annexes the entire portion of the district that is outside the city's boundaries.

The noncontiguous Thomas and Harris tracts which lay outside Longview's extraterritorial jurisdiction prompted the two separate attempts to extend Longview's boundaries by means of a "stem" to reach those tracts.

It is our view that the entire district must be annexed in one ordinance; otherwise, there is no certainty that subsequent annexation proceedings embracing the remainder of the district will be enacted. Section 11 prescribes a specialized annexation procedure applicable only to water and sewer districts; the general municipal annexation procedures are specifically modified as they relate to these districts. Subsection 11 C even exempts a city from its extraterritorial jurisdiction limitations in circumstances appropriate to the facts herein.

Longview contends that Subsection 11 B does not require that Spring Hill be annexed in one ordinance; it further argues that the entire district was brought in by either of the two series of ordinances. If 11 B can be satisfied by multiple ordinances, it nevertheless is our view that the procedures adopted by the City did not achieve the intended result. In this conten-

tion Longview is compelled to construe "annex" to mean that annexation is not complete and final until all of the water district is included; that is, Ordinance Number 1309 was not final until Ordinance Numbers 1312 or 1328 which brought in the two noncontiguous tracts were enacted. Boundary limits are not enlarged until an ordinance becomes final. *City of Irving v. Callaway,* 363 S.W.2d 832, 836 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.). Therefore Ordinance 1309, as well as the annexations establishing the "stem," were not final at the time of their passage. Ordinance 1309 was not final at the time that 1310 and subsequently 1321 were enacted by the council. Thus the increments of the stem were never valid and the attempts to annex the Thomas and Harris tracts were of no effect. These two tracts remained noncontiguous and outside Longview's extraterritorial jurisdiction.

Since the Thomas and Harris tracts were not contiguous to the city limits of Longview nor within its extraterritorial limits on May 8, 1980, Ordinance Numbers 1309, 1310, 1311 and 1312 did not validly annex the respective lands described therein to the city of Longview. Inasmuch as the entire Spring Hill Utility District was not validly annexed, the proceedings on May 8, 1980, were ineffective, and the utility district was unaffected by the void proceedings. Furthermore, since Longview's city limits were not extended by Ordinance Number 1309, Ordinance Number 1321 at the time of its enactment was not contiguous to the city limits of Longview and was not within its extraterritorial limits. Thus, Ordinance Number 1328 could not have extended the city limits of Longview or its extraterritorial jurisdiction and was of no effect.

For the reasons stated we reverse the trial court's judgment and render judgment in favor of appellant declaring the City of Longview's annexation proceedings of Spring Hill Utility District invalid.