The CITY OF LONGVIEW,
Texas, Petitioner,

v.

The STATE of Texas ex rel SPRING
HILL UTILITY DISTRICT et al.,
Respondent.

No. C-1795.

Supreme Court of Texas.

July 13, 1983.

Rehearing Denied Sept. 21, 1983.

Earl Roberts, Jr., Longview, Olson & Olson, Houston, for petitioner.

Carter Beckworth, Dist. Atty., Kenley, Boyland, Coghlan & Griffin, Herbert Boyland, Longview, Leonard, Koehn, Rose & Hurt, Thomas W. Leonard, Dallas, for respondent.

1. All statutory references may be found in the

POPE, Chief Justice.

The State of Texas, on relation of Spring Hill Utility District, instituted this quo warranto action contesting the validity of ordinances by the City of Longview that annexed the district. The trial court held that the annexation was valid, but the court of appeals held that the annexation was invalid. 642 S.W.2d 544 (1982). We reverse the judgment of the court of appeals and affirm the trial court judgment.

The Spring Hill Utility District is a water control and improvement district consisting of one large tract of land and two smaller tracts located approximately six miles from the main tract. Prior to the annexation in question, the main tract of land was adjacent to the Longview city limits and was within Longview's three and one-half mile extraterritorial jurisdiction. The · two smaller tracts were not adjacent to Longview and were not within its extraterritorial jurisdiction.

The annexation powers of a city are limited in several ways. Article 1175 limits annexation to territory adjacent to a city.[1] Article 970a, section 7 limits annexation to territory within the extraterritorial jurisdiction of a city. Section 11B of article 970a imposes a special restriction on the annexation of water districts:

> A city may not annex territory within the boundaries of a water or sewer district unless it annexes the entire portion of the district that is outside the city's boundaries.

■ In order to comply with these statutory limitations, the Longview city council sequentially adopted four annexation ordinances on May 8, 1980. Ordinance 1309 annexed the main body of the utility district, which was adjacent to the City of Longview. Ordinance 1310 annexed a narrow strip of land, 510 feet wide and several miles long, extending northward towards the two smaller tracts of the utility district. Ordinance 1311 extended the strip to the two tracts and ordinance 1312 annexed them. Each ordinance annexed land that

Texas Revised Civil Statutes Annotated.

was adjacent to land annexed in the preceding ordinance. In addition, each ordinance annexed land that was entirely within Longview's extraterritorial jurisdiction, as extended by the preceding ordinance. In this manner, Longview annexed the entire water district and complied with the adjacency limitation of article 1175 and the extraterritorial jurisdiction limitation of article 970a, section 7.[2]

The State of Texas, on the relation of the Spring Hill Utility Districts and others, filed a quo warranto action contesting the validity of the annexation. After a nonjury trial, the trial court rendered a judgment validating the annexation. The court of appeals reversed the trial court judgment, holding that the annexation was invalid because the entire utility district was not annexed in one ordinance. The court of appeals relied on article 970a, section 11B, which requires a city to annex a water district in its entirety. The court of appeals reasoned that ordinance 1309, the first of the series of ordinances, was invalid because it did not annex the entire utility district. Since ordinance 1309 was invalid, the court of appeals reasoned that the subsequent ordinances were also invalid because they depended on ordinance 1309 in order to be adjacent to and within the extraterritorial jurisdiction of the City of Longview. The court of appeals concluded that the entire area of a water district must be annexed in one ordinance.

We disapprove the reasoning of the court of appeals. Section 11B requires a city to annex a water district in its entirety, but it does not require a city to annex the entire district in one ordinance. Longview's decision to annex the entire district in four ordinances did not make the annexation invalid.

Our interpretation of section 11B is consistent with the legislative purpose in enacting the section. The "Bill Analysis" for the bill creating section 11 stated that annexation of a water district in its entirety was required to prevent double taxation and confusion of services. This purpose is accomplished regardless of whether an entire district is annexed in one or more than one ordinances. Section 11B was not intended to be a tool for impeding municipal annexation.

■ Although a city must annex an entire water district and may do so in a combination of ordinances, it does not have an unlimited time to complete the annexation. Article 970a, section 6 provides in pertinent part:

> Annexation of territory by a city shall be brought to completion within ninety (90) days of the date on which the governing body of such city institutes annexation proceedings or be null and void.

Thus, if a city fails to annex the entire territory of a water district within ninety days, any partial annexation will be null and void.

The City of Longview promptly annexed the entire territory of the Spring Hill Utility District. Therefore, we reverse the judgment of the court of appeals and affirm the judgment of the trial court declaring the annexation valid.

---

2. Although it may seem unusual that a city can so easily extend its extraterritorial jurisdiction by passing successive ordinances, the annexation statute permits this procedure. Article 970a, section 3C states: "When a city annexes additional territory, the extraterritorial jurisdiction of such city shall expand in conformity with such annexation...." Thus, the moment the Longview city council annexed the main

tract of the utility district, the city's extraterritorial jurisdiction immediately expanded three and one-half miles beyond the main tract. The subsequent stem ordinances extended the city's extraterritorial jurisdiction to the two small tracts of the utility district. *See May v. City of McKinney,* 479 S.W.2d 114 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.).