

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00315-CV

VALERIE MANTOS                                      APPELLANT

V.

CITY OF MANSFIELD                                     APPELLEE

------------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This is an appeal from a summary judgment in favor of appellee the City of Mansfield in a suit by appellant Valerie Mantos challenging the City's acquisition of 105 acres of real property, and subsequent sale of part of that property, on the ground that the City's actions violated the Texas Open Meetings Act. Mantos brings fifteen issues challenging the grounds upon which the City sought summary judgment. We affirm in part and reverse and remand in part.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

In May 2004, the City bought an approximately 39-acre tract of land in Mansfield from Stephen and Sally Lockwood; at the same time, the Lockwoods donated an adjacent 40-acre tract to the City. On the same day, the City also purchased an adjacent 26-acre tract from Giovanni Homes. The City was planning to develop a sports complex on 40 acres of the combined 105 acres.

After taking bids to sell a 65-acre piece from the larger 105-acre tract, the City decided to build the sports complex in a different area; thus, it decided to sell not only the 65 acres but an additional 16 acres to DCB Properties, the bid winner. The City entered into a purchase agreement with DCB Properties to sell 81 of the 105 acres on February 2, 2005. The parties simultaneously entered into agreements affecting the remaining 24 acres owned by the City: (1) a license agreement allowing DCB Properties to use the northeasternmost 12 acres for drainage purposes and (2) a minimum guaranteed bid agreement in which DCB agreed that if the City chose to bid the remaining 12 acres (the Guaranteed Bid Tract), DCB would submit a minimum bid of $3.25 per square foot.

The City passed a final ordinance on March 14, 2005 approving the sale. The closing occurred on May 20, 2005. At closing, DCB assigned its rights as buyer under the contract to Water Street Development Partners, L.P.

The City offered the Guaranteed Bid Tract for bid and declared Water Street Development the winning bidder on March 13, 2006. The City passed a

2

final ordinance authorizing the City manager to execute documents necessary to convey the Guaranteed Bid Tract on April 10, 2006. But according to the summary judgment evidence, Water Street Development refused to close under the contract.

Also in 2006, the City began working on a proposed economic development agreement for the 81 acres that it had conveyed to Water Street Development. The City eventually entered into an economic development agreement affecting the property that included $63,000,000 in tax incentives.

Mantos sued the City on May 1, 2008 contending that all of the transactions involving the City's acquisition and subsequent sale of "all or any part of" the 105-acre tract are void for violations of the Texas Open Meetings Act. In her second amended petition, she requested a declaratory judgment that (1) the City's agendas from May 10, 2004 through August 11, 2008 "were insufficient to properly apprise the public of the subject matter of its meetings," (2) the City's invocation of exceptions to the Open Meetings Act in executive sessions from May 10, 2004 to August 11, 2008 "were invalid such that its reliance thereon was unlawful," and (3) any actions taken by the City not posted on any agenda are void. She also requested a writ of mandamus ordering the City "to stop, prevent, or reverse any and all actions taken in violation of [the Open Meetings Act,] including but not limited to *the acquisition/disposition of the 105-acre land transaction, or any portion thereof*, as well as the development agreement purporting to grant $63,000,000 in incentives," and a writ of mandamus ordering

3

the City to immediately release for in camera inspection all agendas or tape recordings for meetings or executive sessions that Mantos claims were held in violation of the Open Meetings Act.  [Emphasis added.]

The City moved for summary judgment, alleging that Mantos's claims as to the acquisition and subsequent sale and development of the 105-acre tract are barred because they were validated by section 51.003 of the government code.  Alternatively, the City argued that Mantos's claims are barred by laches; that Mantos lacks standing to challenge the constitutionality of the City's conveyance of property to a third-party developer; that if Mantos's claims are not time-barred, she is limited to challenging only those actions taken by the City Council; that even if the City's actions at the January 24, 2005 meeting violate the Open Meetings Act, the conveyances are not invalid because they were subsequently ratified by ordinance in open session according to a properly posted agenda; and that the January 24, 2005 agenda was proper as a matter of law.

The trial court granted summary judgment to the City but did not specify the grounds.  Because the summary judgment motion did not address Mantos's claims about voiding the economic development agreement, the City moved to sever those claims from the claims about the 105-acre tract.  Accordingly, the trial court severed the economic development agreement claims from Mantos's claims "related to [the City's] acquisition, purchase, sale or other disposition of *all*

4

*or a portion of*" the 105-acre tract, thus making the summary judgment final and appealable.[2]  [Emphasis added.]

## Fundamental Error

In her first issue, Mantos contends that the trial court committed fundamental error by granting the motion for summary judgment because the disposition of this litigation "directly and adversely affects the public interest generally."  Fundamental error exists "in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 328 (Tex. 1993). Other than authority about the purpose and important public policy underpinning the Open Meetings Act, Mantos has cited nothing indicating that summary judgment is a procedure unavailable to a defendant in an Open Meetings Act case.  *See, e.g., Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 888–91 (Tex. App.—Austin 2010, pets. denied) (affirming summary judgment on Open Meetings Act claims).  Accordingly, we overrule appellant's first issue.

## Validation Statute

In her third through fifth issues, Mantos claims the trial court erred by granting summary judgment on the ground that all of the City's actions

---

[2]*See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001).

complained of in her petition are validated by section 51.003 of the local government code.[3]

Section 51.003 of the local government code provides as follows:

(a) A governmental act or proceeding of a municipality is conclusively presumed, as of the date it occurred, to be valid and to have occurred in accordance with all applicable statutes and ordinances if:

(1) the third anniversary of the effective date of the act or proceeding has expired; and

(2) a lawsuit to annul or invalidate the act or proceeding has not been filed on or before that third anniversary.

(b) This section does not apply to:

(1) an act or proceeding that was void at the time it occurred;

(2) an act or proceeding that, under a statute of this state or the United States, was a misdemeanor or felony at the time the act or proceeding occurred; [or]

. . . .

(4) an ordinance that, at the time it was passed, was preempted by a statute of this state or the United States, including Section 1.06 or 109.57, Alcoholic Beverage Code.

Tex. Loc. Gov't Code Ann. § 51.003 (Vernon 2008).

---

[3]Mantos's second issue complains that the trial court erred by failing to sustain her objections to the City's summary judgment evidence; however, because our disposition of the third issue would be the same even if the trial court sustained all of the objections—and because our determination of the propriety of the summary judgment is based almost entirely on the application of the law to Mantos's pleadings—we need not address that issue. *See* Tex. R. App. P. 47.1; *Reynolds v. Murphy*, 188 S.W.3d 252, 259 (Tex. App.—Fort Worth 2006, pet. denied), *cert. denied*, 549 U.S. 1281 (2007).

6

The legislature has the power to ratify any act that it had the power to authorize. *City of Murphy v. City of Parker*, 932 S.W.2d 479, 481 n.1 (Tex. 1996); *City of Alton v. City of Mission*, 164 S.W.3d 861, 868 (Tex. App.—Corpus Christi 2005, pet. denied). "[C]urative statutes are liberally construed only to effectuate the intent of the legislature in enacting them and not to other ends." *City of Waco v. City of McGregor*, 523 S.W.2d 649, 652 (Tex. 1975); *City of Alton*, 164 S.W.3d at 868.

According to the City, section 51.003 applies without exception to Mantos's claims about the sale or disposition of the 105 acres. If none of the exceptions apply, because Mantos's suit was filed on May 1, 2008, any act or proceeding of the City occurring before May 1, 2005 would be conclusively presumed valid. *See* Tex. Loc. Gov't Code Ann. § 51.003.

**Acquisition of 105 Acres and Sale of 81 Acres**

The summary judgment record shows that the events leading to the City's acquisition of the 105 acres occurred in 2003 and 2004; those transactions closed on May 12, 2004. The City began reviewing alternate sites for the sports complex in 2004 and 2005. The City entered into the contract with DCB in February 2005 and authorized the sale by final ordinance in March 2005. Thus, the only event occurring within three years of the date of the filing of Mantos's suit was the actual closing of the sale on May 20, 2005.

**Closing after May 1, 2005**

Mantos contends that because the actual closing occurred after May 1, 2005, the sale of the 81 acres is not validated by section 51.003. However, the ordinance authorizing the City staff to sign the closing documents was passed on March 14, 2005. The Open Meetings Act applies to a proceeding or meeting only if it involves "formal action or deliberation between a quorum of members." *Beasley v. Molett*, 95 S.W.3d 590, 606 (Tex. App.—Beaumont 2002, pet. denied); *see* Tex. Gov't Code Ann. § 551.001(4) (Vernon Supp. 2010), § 551.002 (Vernon 2004). Here, there is no evidence that the closing involved any formal action or deliberation beyond what had already been authorized in the ordinance, which is presumed valid by operation of section 51.003 if no exceptions apply. *See City of Cresson v. City of Granbury*, 245 S.W.3d 61, 69 (Tex. App.—Fort Worth 2008, pet. denied). Accordingly, we will review whether any of the exceptions apply here.

**Void at time it occurred**

Mantos argues that this first exception applies so that the City's actions prior to May 1, 2005 are not validated pursuant to section 51.003(a). *See* Tex. Loc. Gov't Code Ann. § 51.003(b)(1).[4] Mantos's claims, however, are based on violations of the Open Meetings Act, which are voidable, not void or void ab initio.

---

[4]Mantos had the burden to produce summary judgment evidence raising a fact issue as to any exceptions to the validation statute she contends are applicable. *See Zeifman v. Nowlin*, 322 S.W.3d 804, 808 (Tex. App.—Austin 2010, no pet.).

Tex. Gov't Code Ann. § 551.141 (Vernon 2004); *Argyle ISD ex rel. Bd. of Trustees v. Wolf*, 234 S.W.3d 229, 247 (Tex. App.—Fort Worth 2007, no pet.). Nevertheless, Mantos contends that the City's actions are void as violative of chapter 272 of the local government code (the competitive bidding statute), Article III, section 52 and Article XI, sections 5 and 6 of the Texas Constitution, the Public Charitable Trust doctrine, the Mansfield City Charter, and sections 3.13 and 12.05 of the penal code. But Mantos provides no argument, authority, or evidence supporting her contention that the City's actions violated any of these provisions such that they are void or otherwise outside the scope of the validation statute; thus, she has waived any complaint that the City's pre-May 1, 2005 actions are void for any other reason. *See* Tex. R. App. P. 38.1(i); *Clifton v. Walters*, 308 S.W.3d 94, 99 (Tex. App.—Fort Worth 2010, pet. denied). Accordingly, we conclude and hold that, as to the City's acquisition of the 105 acres and subsequent sale of 81 of those acres, the trial court did not err by granting summary judgment on the ground that those actions were validated by section 51.003 of the local government code. We overrule Mantos's third through fifth issues as to the complaints in her second amended petition related to the City's acquisition of the 105 acres and subsequent sale of the 81 acres.

**Contract to Sell Guaranteed Bid Tract**

Mantos filed her second amended petition while the City's motion for summary judgment was pending. In her second amended petition, Mantos claims that the City violated the Open Meetings Act on March 13, 2006, March

27, 2006, and April 10, 2006 by posting insufficient agenda items and by improperly breaking into executive sessions to discuss matters related to the sale of the Guaranteed Bid Tract to Water Street Development. Because these complained-of actions relate to the "sale or other disposition of all or a portion of" the 105-acre tract—and because these actions occurred *after* May 1, 2005 and thus are not validated by section 51.003—we must determine whether any of the City's other grounds for summary judgment are valid as to Mantos's claims regarding these actions.

**Laches**

In her sixth and seventh issues, Mantos challenges the summary judgment on laches grounds. The City claimed that Mantos waited too long to file her suit and, thus, the City as well as third parties were harmed because they changed their positions in reliance on the delay.

Two essential elements of laches are (1) unreasonable delay by one having legal or equitable rights in asserting them and (2) a good faith change of position by another to his detriment because of the delay. *Rogers v. Ricane Enters. Inc.*, 772 S.W.2d 76, 80 (Tex. 1989). In the absence of some element of estoppel, the doctrine of laches does not bar an action before the statute of limitations has run. *Delta County Levee Improvement Dist. No. 2 v. Leonard*, 516 S.W.2d 911, 913 (Tex. 1974), *cert. denied*, 423 U.S. 829 (1975); *Rivera v. City of Laredo*, 948 S.W.2d 787, 793 (Tex. App.—San Antonio 1997, pet. denied). Mantos filed suit less than two years after the March and April 2006 meetings

10

that she complains of; thus, at least as to those alleged Open Meetings Act violations, she did not wait an unreasonable amount of time to sue. *See Rivera*, 948 S.W.2d at 793. We sustain Mantos's sixth and seventh issues but only as they relate to Mantos's claims regarding the City's March and April 2006 Council meetings about the sale of the Guaranteed Bid Tract.

**Remaining Grounds for Summary Judgment**

In her eighth through fifteenth issues, Mantos challenges the remaining grounds upon which the City sought summary judgment.

First, the City alleged that to the extent Mantos was asserting a taxpayer standing claim as to the constitutionality of the conveyance of any of the property to a third party, she had no standing to do so. However, Mantos states in her brief that there is no such claim in her second amended petition, and the City agrees. Therefore, summary judgment on the City's claims related to the sale of the Guaranteed Bid Tract would not have been proper on that ground.

The City also argued that to the extent Mantos was complaining about actions taken that were not posted on any agenda, she could only complain about City Council actions and not actions by any particular individual or third party. Because Mantos's claims about the March and April 2006 Council meetings concern allegedly insufficient agenda items and improper executive sessions, the City's summary judgment ground regarding actions by parties other than the City Council as a whole likewise does not apply to those claims.

11

The City's remaining grounds for summary judgment apply only to the January 24, 2005 City Council meeting and were alternative grounds to the validation statute ground. Accordingly, they likewise cannot apply to alleged violations at the March and April 2006 meetings complained of in the second amended petition. We therefore sustain Mantos's eighth through fifteenth issues in part, but solely as to her claims pertaining to the March and April 2006 Council meetings.

## Conclusion

Having determined that none of the grounds raised by the City support the trial court's summary judgment as to Mantos's claims of alleged Open Meetings Act violations in the March and April 2006 City Council meetings, and having sustained her third through fifteenth issues in part as to those claims only, we reverse and remand the summary judgment solely as to those claims. Having overruled all of Mantos's remaining dispositive issues, we affirm the remainder of the summary judgment as to her complaints about the City's acquisition of the 105 acres and subsequent sale of 81 of those acres.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DELIVERED: February 10, 2011

12